UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOBBY LOBBY STORES, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:18CV1496 JCH |
| ) | |
| JACQUELINE BACHMAN and VICTORIA ) | |
| VILA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition to Compel Arbitration and for Related Injunctive Relief, filed September 6, 2018. (ECF No. 1). The Petition is fully briefed and ready for disposition.

## BACKGROUND

On or about June 19, 2018, Respondents Jacqueline Bachman and Victoria Vila filed a Petition for Damages in the Circuit Court of St. Charles County, Missouri. (ECF No. 1-2). In their Petition, Respondents assert claims under Missouri common law and the Missouri Human Rights Act against Petitioner Hobby Lobby Stores, Inc. and an individual defendant, Larry Simms.

On September 6, 2018, Petitioner filed a Petition to Compel Arbitration and for Related Injunctive Relief against Respondent Jacqueline Bachman in this Court. (ECF No. 1).[1] In support of its Petition, Petitioner asserts that both Respondent Bachman and Respondent Vila

---

[1] That same day, Petitioner filed a separate Petition to Compel Arbitration and for Related Injunctive Relief against Respondent Victoria Vila. (*See* Cause No. 4:18CV1497, ECF No. 1). The case originally was assigned to Judge Rodney W. Sippel of this District. In an Order entered March 15, 2019, the undersigned consolidated the two cases for all purposes. (ECF No. 21).

executed valid and enforceable Mutual Arbitration Agreements ("MAA"), containing the following relevant provisions:

> Agreement to Arbitrate. Except as provided below, in this Mutual Arbitration Agreement (the "Agreement"), you and the Company[2] agree binding arbitration is the sole and exclusive means to resolve all disputes that may arise out of, or be related to, your employment with the Company and/or applications for employment with the Company. You and the Company each specifically waive and relinquish the respective right to sue each other in a court of law….
>
> Covered Laws and Disputes. Subject to limitations set forth in Sections 3 and 8 below, this Agreement to arbitrate applies to any dispute, demand, claim, complaint, controversy, cause of action, or suit (as applicable, a "Dispute") arising under or involving any federal, state, or local law, statute, regulation, code, ordinance, rule, common law, or public policy (as applicable, a "Law"),[3] that in any way or to any extent governs, regulates, or relates to your (i) application for employment; (ii) employment with the Company; (iii) compensation; or (iv) termination of employment with the Company[4]….
>
> Arbitrator Selection, Rules, and Location….To the maximum extent permitted by Law and except as otherwise set forth in this Agreement, the arbitrator selected by the parties shall administer the arbitration according to the Employment Arbitration Rules (or successor rules) of the AAA [American Arbitration Association] and Federal Rule of Civil Procedure 68 ("Offer of Judgment")…
>
> Arbitrator Authority. Except as otherwise provided in Section 8, you and the Company agree the arbitrator—not a court or agency—shall have exclusive authority to resolve any disputes or issues relating to the formation, interpretation, applicability, implementation, and enforceability of this Agreement….
>
> Excluded Parties. This Agreement prohibits a party or the arbitrator from consolidating the Disputes of others into one proceeding, to the maximum extent permitted by Law. An arbitrator shall hear only individual Disputes and is prohibited from arbitrating a class, collective, representative, group, or joint

---

[2] "Company" shall mean the company to which you submitted your application for employment, or if hired, for which you work or worked, specifically Hobby Lobby Stores, Inc., Mardel, Inc., or any affiliate, successor, or assign.

[3] Including but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, the Fair Credit Reporting Act, the Employee Retirement Income Security Act, and/or any similar state and local laws, all as amended.

[4] Covered Disputes include, but are not [] limited to, those involving hiring or not hiring, wrongful termination, wages, compensation, work hours, invasion of privacy, false imprisonment, assault, battery, malicious prosecution, defamation, negligence, intentional torts, personal injury, pain and suffering, emotional distress, loss of consortium, breach of fiduciary duty, sexual harassment, harassment and/or discrimination based on any class protected by law, retaliation, interference and/or opposition of discrimination or harassment, and/or any other employment-related Disputes based in tort, contract, or any other nature or theory whatsoever.

action or awarding relief to a group of individuals in one proceeding, to the maximum extent permitted by Law. Any question or dispute concerning the scope or validity of this Section shall be decided by a court of competent jurisdiction and not the arbitrator. Should a court determine the prohibition on class, collective, representative, group, or joint actions in this Section is invalid for any reason, the parties hereby waive any right to arbitration of a class, collective, representative, group, or joint action and instead agree and stipulate that such Disputes will be heard only by a judge and not an arbitrator or jury….

<u>Consideration</u>. This Agreement is made in consideration for the acceptance by the Company of your application for employment, and if the Company hires you, in consideration for employing you and continuing to employ you, for the benefits and compensation provided by the Company to you, and for the mutual agreement to arbitrate as provided in this Agreement.

(ECF No. 1-1; *see also* ECF Nos. 10-1, 22-5).

Relying on the terms of the MAA, Petitioner maintains this Court must enforce its provisions as written and compel Respondents to pursue their claims through individual arbitrations. (ECF No. 10). Specifically, Petitioner asserts (1) that the Court must allow an arbitrator to determine whether the MAA is valid and enforceable, and (2) that even if the Court declines to allow the arbitrator to determine if the MAA is valid and enforceable, it should find a valid and enforceable agreement to arbitrate exists. (*Id.*). Because it is dispositive, the Court addresses only Petitioner's first contention.

## **DISCUSSION**

Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1B16, states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects the strong federal policy favoring arbitration. *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Because "arbitration is a matter of contract,….courts must rigorously enforce arbitration agreements according to their terms," *American Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotations and citation omitted), including requirements to pursue

claims through individual arbitration. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC,* 641 F.3d 263, 266 (8th Cir. 2011) (citation omitted). "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Security, Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) (citations omitted). Respondents do not dispute that their claims fall within the ambit of the MAA. Rather, Respondents maintain the arbitration agreements themselves are unenforceable because they lack bargained-for consideration.

As noted above, the parties agreed to abide by the Employment Arbitration Rules (or successor rules) of the AAA. Rule 6(a) of the AAA Rules states as follows: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." *See* AAA Employment Arbitration Rules and Mediation Procedures, 6(a).

Parties are free to agree to arbitrate threshold or "gateway" questions of arbitrability. *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 68-69 (2010) (noting that this "reflects the principle that arbitration is a matter of contract"). "By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." *Green v. SuperShuttle Int'l, Inc.,* 653 F.3d 766, 769 (8th Cir. 2011) (citation omitted). In other words, incorporation of the AAA Rules into an arbitration agreement is a "clear and unmistakable

4

expression of the parties' intent to leave the question of arbitrability to an arbitrator." *Fallo v. High-Tech Inst.,* 559 F.3d 874, 878 (8th Cir. 2009) (citation omitted). "When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause=s enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged." *Hubbard v. Career Educ. Corp.,* No. 4:11CV995 CDP, 2011 WL 5976070, at *2 (E.D. Mo. Nov. 30, 2011) (citing *Rent-A-Center,* 130 S.Ct. at 2779); *accord Mitchell v. Career Educ. Corp.,* No. 4:11CV1581 TCM, 2011 WL 6009658, at *3 (E.D. Mo. Dec. 1, 2011).

Respondents here do not challenge the provision of the MAA that delegates the authority to resolve issues of arbitrability to the arbitrator.[5] *See Wallace v. Communications Unlimited, Inc.*, No. 4:18CV503 JAR, 2019 WL 1001701, at *5 (E.D. Mo. Mar. 1, 2019) ("As in *Rent-A-Center*, Plaintiffs do not directly challenge the enforceability of the delegation provision, only the validity….of the contract as a whole….Assertions that the contract lacked adequate….consideration….are clearly challenges to the validity and enforceability of the contract as a whole."). Thus, it is for the arbitrator to determine the validity of the arbitration agreements as a whole. *See Rent-A-Center,* 561 U.S. at 72 ("Accordingly, unless [employee] challenged the delegation provision specifically, we must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the Arbitrator."). *Accord Driver v. BPV Market Place Investors, L.L.C.*, No. 4:17CV1607 CAS, 2018 WL 3363795, at *6 (E.D. Mo. Jul. 10, 2018) (citation omitted) ("Plaintiff argues the Agreement lacks legal consideration, but this argument also goes to the

---

[5] Respondents further do not challenge the provision in the MAA requiring them to bring their claims in the form of individual arbitrations. Said provision thus remains valid and enforceable, as any challenge thereto must be brought in a court of competent jurisdiction. *See Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612 (2018).

validity of the Agreement as a whole, and concerns the issue of contract formation. The Agreement's delegation clause grants the arbitrator exclusive authority to resolve any dispute relating to the Agreement's applicability, enforceability, or formation. Again, because plaintiff does not argue that the delegation provision itself lacks legal consideration, the Court must treat it as valid, and leave plaintiff's formation challenge to the arbitrator"); *Arment v. Dolgencorp, LLC*, No. 2:18CV26 CDP, 2018 WL 5921369 (E.D. Mo. Nov. 13, 2018).[6]

In accordance with the foregoing, Petitioner's Petition to Compel Arbitration must be granted. *See Wallace*, 2019 WL 1001701, at *6 (quoting *Jones v. Titlemax of Missouri, Inc.*, No. 4:15CV1361 JAR, 2016 WL 4158886, at *4 (E.D. Mo. Aug. 5, 2016) ("The Court concludes that Plaintiffs have not shown that the delegation provision in the [MAA] is invalid. As such, 'the Court's only role will be to enter an order compelling arbitration.'").[7]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition to Compel Arbitration (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition for Related Injunctive Relief is **DENIED**.

Dated this 23rd Day of May, 2019.

---

[6] Plaintiff=s claim that the MAA fails for lack of consideration is a matter for the arbitrator to determine. *See Randazzo v. Anchen Pharmaceuticals, Inc.*, No. 4:12CV999 CAS, 2012 WL 5051023, at *7 (E.D. Mo. Oct. 18, 2012).

[7] The Court's Order applies only to Petitioner Hobby Lobby Stores, Inc. and Respondents Bachman and Vila. It does not implicate the individual defendant in the state court proceeding, Larry Simms, as he is not before the Court.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE